UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KEILAND CONSTRUCTION L L C**            **CASE NO.  2:21-CV-02062**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**B X S INSURANCE INC ET AL**              **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "BXS Insurance, Inc.'s Motion for Partial Summary Judgment on Plaintiff's Claims for Penalties and Attorneys' Fees" (Doc. 27) wherein Defendant BXS Insurance, Inc. ('BXS") moves to dismiss Plaintiff, Keiland Construction, LLC's ("Keiland") claims for penalties and attorney fees.

## FACTUAL STATEMENT

Keiland owns the following various properties in Lake Charles, Louisiana: (1) 600 Bayou Pines East; (2) 745 Bayou Pines East; (3) 1102 2nd Street; and (4) 1469 West Lincoln Road.[1] During the relevant time period, BXS was Keiland's "agent" or "broker" for insurance.[2]

XL Specialty Insurance Company ("XL") issued XL Policy Number UM00062747MA20A (the "Policy"), naming Keiland as the "insured." BXS was named as the "agency or broker."[3]

The Policy described the Keiland properties as follows:

---

[1] Defendant's exhibit 1, Keith DeRousseau deposition, pp.16:15-18:14.
[2] Defendant's exhibit 3, Complaint, ¶ ¶ 2, 8, 9, and 10. Doc. 1.
[3] Defendant's exhibit 4, pp. 1, 2, 13. Defendant's exhibit 5, DeRousseau deposition, pp. 33:22-35:14.

| Location # | Address | Building | Business Personal Property | Income Coverage |
|---|---|---|---|---|
| 1 | 1102 2nd St. Lake Charles, La 70601 | $520,000 | $250,000 | NOT COVERED |
| 2 | 600 Bayou Pines E, Suite G&B Lake Charles, La 70601 | NOT COVERED | $100,000 | $100,000 |
| 3 | 1469 West Lincoln Rd. Lake Charles, La. 70607 | $560,000 | $250,000 | NOT COVERED |
| 4 | 745 Bayou Pines East Lake Charles, La. 70601 | NOT COVERED | $150,000 | NOT COVERED |

On August 27, 2020, Hurricane Laura struck Lake Charles and caused damages to Keiland's properties in Lake Charles. On September 11, 2020, Keiland called BXS to obtain a copy of the Policy.[4] On that same day, BXS emailed Keiland a full description of the errors alleged by Keiland in this case: Keiland's properties at 600 and 745 Bayou Pines were not covered by the Policy as requested.

XL denied coverage of Keiland's claims for damages to 600 Bayou Pines and 745 Bayou Pines because those properties were not covered by the Policy at the time of Hurricane Laura.[5] XL placed coverage for 600 Bayou Pines and 745 Bayou Pines effective August 31, 2020.[6]

---

[4] Defendant's exhibit 5, DeRousseau depo. p. 37:9-38:9.
[5] Doc. 20-1, 9. 4.
[6] Doc. 20-7, p. 149-150.

## **LAW AND ANALYSIS**

Even though BXS was not the insurer, it attempted to resolve the dispute with Keiland by offering to compensate Keiland for its losses.[7] BXS asserts that it was not offering those amounts as an insurance company or an insurer.[8]

In this lawsuit, Keiland seeks recovery against BXS for damages to 600 Bayou Pines and 745 Bayou Pines as a result of Hurricane Laura.[9] Keiland seeks recovery against XL for the properties located at 1102 2nd Street and 1469 West Lincoln Road for Hurricane Laura and coverage for all four buildings (600 Bayou Pines, 745 Bayou Pines, 1102 2nd Street and 1469 West Lincoln Road) for Hurricane Delta.[10]

On June 23, 2022, XL Insurance filed a motion for summary judgment seeking a dismissal with prejudice as to the 600 Bayou Pines and 745 Bayou Pines property coverage claims on the basis that any failure to obtain coverage would not be imputed to XL Insurance.[11] Keiland did not file an opposition but filed a Rule 41(A)(2) dismissal[12] with prejudice as to the claims against XL, which this Court granted.[13]

BXS seeks summary judgment to dismiss Keiland's claims of penalties and attorney fees. BXS contends that because it is not an insurer, but is a broker or agent, it cannot be liable for penalties and attorney fees under Louisiana Revised Statutes §§ 22:1892 and 22:1973. BXS argues that these penalty statutes govern the relationship between an insurer

---

[7] Defendant's exhibit 3, Complaint at ¶ ¶ 16-18, Doc. 1.
[8] Answer, Doc. 11, ¶ ¶ 2, 9, 21-23, Second and Third Affirmative Defense.
[9] Defendant's exhibit 6, Keiland's Responses to Requests for Admissions, Response to request No. 1.
[10] Defendant's exhibit 5, pp. 47:12-48:25, 50:10-15.
[11] Doc. 20-1, p.1.
[12] Doc. 24.
[13] Doc. No. 25.

and its insured and are not applicable to any claim for breach of duty by an insurance broker. Thus, these statutes do not apply to BXS because BXS is in the business of brokering insurance policies, and the relationship between BXS and Keiland is not that of an insured-insurer.

BXS has filed a "Notice of Non-Opposition to BXSI's Motion for Partial Summary Judgment" (Doc. 11). BXS notes that Keiland has filed no opposition to its Motion and the time for doing so has now lapsed. The Court agrees. A Notice of Motion Setting was issued setting the deadline for opposition to fourteen (14) days after service of the motion.[14] The Motion was served on August 31, 2022, when filed and an electronic notice was sent out on August 31, 2022, at 4:43 PM CDT.[15]

## CONCLUSION

Based on the foregoing, the Motion for Partial Summary Judgment on Plaintiff's Claims for Penalties and Attorneys' Fees (Doc. 27) will be granted dismissing with prejudice Plaintiff, Keiland Construction, LLC's ("Keiland") claims for penalties and attorney fees against Defendant.

**THUS DONE AND SIGNED** in Chambers this 19th day of September, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[14] Doc. 28.
[15] Doc. 27.